Opinion by JOHNSON, J. Since the protest was filed more than 60 days after liquidation, it was dismissed as untimely, by virtue of section 514, Tariff Act of 1930.

**No. 59465.**—Bryant & Heffernan, Inc. v. United States, protest 252908–K (New York).

Opinion by JOHNSON, J. Although compliance with the regulations is not a condition precedent in shortage cases (*United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. 112, C. A. D. 351), it was held that plaintiff is required to present evidence that a shortage existed at the time of unloading (*United States* v. *Brown*, 2 Ct. Cust. Appls. 189, T. D. 31943). Since the official papers were not offered in evidence nor was any other evidence of shortage presented, the court was constrained to overrule the protest.

**No. 59466.**—F. E. Macartney v. United States, protests 170249–K, etc. (Duluth).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59467.**—Border Brokerage Co. et al. v. United States, protests 170930–K, etc. (Seattle).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 59468.**—A. N. Deringer, Inc. v. United States, protests 171546–K, etc. (St. Albans).